UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ORAVETZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLALLAM COUNTY SHERIFFS,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00147-BLW<br><br>**INTIAL REVIEW ORDER** |

　　　　Pending before the Court are Plaintiff Mark Oravetz's Complaint and in Forma Pauperis Application. Dkts. 2, 1. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper complaints or claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

　　　　Plaintiff's claims against Defendants Clallam County Sheriffs are "robbery, fraud, and vandalism." Dkt. 2 at 6. There are several deficiencies in the Complaint that require

**INITIAL REVIEW ORDER - 1**

Plaintiff to reconsider whether to amend his Complaint or not to pursue his claims in this Court.

First, the Complaint fails to state a claim upon which relief can be granted and insufficient facts support subject matter jurisdiction. Plaintiff brings his claims under the Fourth, Fourteenth, and Fifteenth Amendments, but he has stated no factual grounds for any of his claims. "Robbery, fraud, and vandalism" are mere statements of the law. The Fourth and Fourteenth Amendment may be viable legal theories against this Defendant, but Plaintiff has not stated the "who, what, when, where, how, and why" for any claim that the sheriffs have violated his civil rights. Further, the Fifteenth Amendment prohibits interference with the right to vote on the basis of race, and is not related to any cause of action here. U.S. Const. amend. XV.

Second, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Where an "in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." *Brimm v. Genao-Gomez*, No. CV 14-197-M-DLC, 2014 WL 5471969, at *4 (D. Mont. Oct. 28, 2014); *see also In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void."); *Clancy v. Allstate Ins.*, No. 19-CV-04257-BLF, 2020 WL 7872196, at *1 (N.D. Cal. Oct. 21, 2020) (dismissing a case after a sua sponte screening pursuant to 28 U.S.C. § 1915 when review established that the plaintiff failed to allege facts showing personal jurisdiction over the defendants).

**INITIAL REVIEW ORDER - 2**

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff's complaint must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Personal jurisdiction over a nonresident defendant exists if (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977). Importantly, "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

No facts support a conclusion that the Court has personal jurisdiction over the defendant. Plaintiff will be given leave to provide those facts in an amended complaint or to voluntarily dismiss this case.

Third, venue must also be proper. Legal actions may be brought only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**INITIAL REVIEW ORDER - 3**

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate. Plaintiff will be given leave to provide facts supporting proper venue in Idaho over Washington parties in an amended complaint or to voluntarily dismiss this case.

Fourth, Plaintiff requests but does not qualify for in forma pauperis status. Dkt. 1. A review of his application shows he has $8,800 in cash. He has other substantial assets, but he does not have access to them, and, thus, the Court does not take those assets into account. Plaintiff pays a monthly fee for a storage unit. He does not specify what his monthly expenses are. He has no debt. *Id*. Clearly, Plaintiff has sufficient assets to pay the filing fee based on the information he has provided.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED. Plaintiff must pay the filing fee of $405.00 within 21 days after entry of this Order. Failure to do so will result in entry of judgment and closure of this case without prejudice without further notice.

2. Plaintiff's Complaint is DISMISSED without prejudice to amending it within 21 days after entry of this Order to state a claim, to show that personal jurisdiction over the defendant is appropriate, and to show that venue is appropriate.

**INITIAL REVIEW ORDER - 4**

3. Plaintiff must not file a motion to amend his in forma pauperis application without filing an amended complaint at the same time.

4. Failure to file a proper amended complaint correcting the deficiencies identified in this Order will result in entry of judgment and closure his case for the reasons set forth above, without further notice to Plaintiff.

DATED: May 2, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 5